UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JARI MCPHERSON and | § | |
| JERALD SAMS, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 1:20-cv-01223-RP |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| PUBLIC SAFETY, | § | |
| *Defendant.* | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE PITMAN:

Pursuant to Fed. R. Civ. P. 8(b)(3), Defendant Texas Department of Public Safety denies each and every allegation contained in Plaintiffs' Original Complaint (Dkt.1), except for those expressly admitted below. These numbered paragraphs and titles correspond to the paragraphs within the Plaintiffs' Original Complaint.

## NATURE OF THE ACTION

This paragraph is a description of the Plaintiffs' claims and does not require a response. To the extent that any response is required, Defendant denies the allegations.

## JURISDICTION AND VENUE

1.     Admit.

2.      In this paragraph, Plaintiffs allege that declaratory relief is authorized. Defendant denies that any declaratory relief in this matter is authorized or should be granted. Defendant also denies that Plaintiffs are requesting declaratory relief.

3.      Defendant admits that venue is proper. Defendant denies that it engaged in discriminatory employment practices. Defendant denies that unlawful employment practices were committed within the jurisdiction

4.      In this paragraph, Plaintiffs state that all conditions precedent to filing this lawsuit have been exhausted. Defendant denies that all conditions precedent were performed prior to the filing of the Title VII claims. Defendant denies that Plaintiffs raised the issues of race discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"), within 300 days of the date of the alleged adverse employment actions.

## **PARTIES**

5.      Defendant lacks knowledge or sufficient information to form a belief as to Plaintiff McPherson's citizenship or where Plaintiff McPherson currently resides. Defendant admits that Plaintiff McPherson may be contacted through his attorney of record.

6.      Defendant lacks knowledge or sufficient information to form a belief as to Plaintiff Sams's citizenship or where Plaintiff Sams currently resides. Defendant admits that Plaintiff Sams may be contacted through his attorney of record.

7.      Defendant admits that Texas Department of Public Safety is a state agency. Defendant admits that its headquarters is located at 5805 North Lamar Boulevard, Austin,

Texas 78752, and that Steven C. McGraw is the Director of the Texas Department of Public Safety.

## FACTUAL ALLEGATIONS
## Plaintiff McPherson

8.      Defendant admits Plaintiff McPherson (PM) has served as a commissioned officer with the TxDPS for more than 18 years. Defendant denies PM during said period of public service has always achieved a "meets expectations" or above rating on each of his annual job performance evaluations and has received special recognition for his work on numerous occasions.

9.      Defendant denies PM was removed from Regulatory Services Division (RSD) of the TxDPS located in Austin Texas and placed in the Criminal Investigation Division (CID). Defendant admits PM was assigned to the CID's Temple location. Defendant admits that PM was driving a DPS assigned vehicle. Defendant lacks sufficient information sufficient to form a belief about how long PM was assigned a vehicle by DPS.

10.     Deny.

11.     Defendant admits PM received a verbal warning for leaving his duty station. Defendant denies the remaining allegations.

12.     Deny.

13.     Defendant admits PM was issued a C-1. Defendant denies the remaining allegations.

14.     Defendant admits PM was issued a written counseling for not carrying out a procedure. Defendant denies the remaining allegations.

15.     Deny.

16.     Defendant admits PM requested permission to grow facial hair. Defendant denies the remaining allegations.

17.     Deny.

18.     Defendant lacks information sufficient to form a belief about conversations with co-workers. Defendant denies the remaining allegations.

19.     Deny.

20.     Deny.

21.     Defendant admits PM filed an EEOC complaint with DPS OIG. Defendant admits PM's complaint was not sustained. Defendant denies the remaining allegations.

22.     Defendant lacks information sufficient to form a belief about PM's feelings. Defendant admits PM requested a transfer from Temple CID to Austin CID.

23.     Admit.

24.     Defendant lacks information sufficient to form a belief about Austin CID's Command awareness of the EEOC complaint filed against Temple CID.

25.     Defendant admits Captain Koening called a meeting with PM and PM's LT. Defendant lacks information sufficient to form a belief about PM's feelings. Defendant denies the remaining allegations.

26.     Deny.

27.     Defendant lacks information sufficient to form a belief about PM's request to be placed on 7C2 Counter Surveillance Unit. Defendant denies the remaining allegations.

28.     Deny.

29.     Deny.

30.     Defendant lacks information sufficient to form a belief regarding a June 2020 EEOC complaint filed with DPS.

31.     Defendant lacks information sufficient to form a belief about conversations between a Special Agent and PM regarding the circulation of pictures. Defendant denies the remaining allegations.

32.     Defendant admits that PM was assigned and in possession a DPS vehicle when PM transferred from Temple CID to Austin CID. Defendants denies the remaining allegations.

33.     Deny.

34.     Deny.

35.     Deny.

## **FACTUAL ALLEGATIONS**
### **Plaintiff Sams**

36.     Defendant admits Plaintiff Sams (JS) has served as a commissioned officer with the DPS for more than 26 years. Defendant admits JS has received special recognition for his work. Defendant denies the remaining allegations.

37.     Deny.

38.     Defendant lacks information sufficient to form a belief about JS seeking consistently sought written/evidentiary justification from the period 2017 to 2020. Defendant denies the remaining allegations.

39.     Defendant lacks information sufficient to form a belief about JS developing the written manual for operational procedures for the DPS Mounted Unit or the adoption and implementation thereof.

40.     Deny.

41.     Deny.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Defendant lacks information sufficient to form a belief about the dates or the announcement regarding the filling a position for a Sergeant supervisor for DPS's Mounted Unit.

46.     Defendant admits JS applied a position for a Sergeant supervisor for DPS's Mounted Unit and was not selected. Defendant admits Captain Richards was a supervisor over DPS's Mounted Unit. Defendant denies the remaining allegations.

47.     Defendant admits JS filed a complaint against Captain Richards for race discrimination with DPS OIG. Defendant denies the remaining allegations.

48.     Defendant admits OIG issued a finding and decision not sustaining JS's complaint of race discrimination against Captain Richards stating in part "The information obtained

failed to reveal misconduct by Captain Richards. However, the investigation identified the potential for improvement that will be addressed through training." Defendant denies the remaining allegations.

49.    Defendant admits a position for Sergeant position for DPS's Mounted Unit was posted. Defendant admits that the positing allowed transfers to apply for said position. Defendant denies the remaining allegations.

50.    Defendant lacks information sufficient to form a belief regarding JS's conversations with Captain Richards about the posting.  Defendant denies the remaining allegations.

## COUNT 1

## VIOLATION OF TITLE VII-DISCRIMINATION BASED ON RACE

### Plaintiffs Jari McPherson and Jerald Sams

51.    Plaintiffs incorporated paragraphs 1-50 are admitted or denied as set forth in the corresponding numbered responses above.

52.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

53.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

54.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

55.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

56.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

57.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## COUNT II

## VIOLATION OF TITLE VII – UNLAWFUL RETALIATION

### Plaintiffs Jari McPherson and Jerald Sams

58.     Plaintiffs incorporated paragraphs 1-57 are admitted or denied as set forth in the corresponding numbered responses above.

59.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

60.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

61.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

62.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

63.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

64.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

65.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

66.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## COUNT III

## VIOLATION OF TITLE VII – RACIAL HARASSMENT HOSTILE WORK ENVIRONMENT

### Plaintiffs Jari McPherson and Jerald Sams

67.     Plaintiffs incorporated paragraphs 1-66 are admitted or denied as set forth in the corresponding numbered responses above.

68.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

69.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

70.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

71.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

72.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

73.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## COUNT IV

## VIOLATION OF TITLE VII – FAILURE TO PROMOTE BASED ON RACE

### Plaintiff Jerald Sams

74.     Plaintiffs incorporated paragraphs 1-73 are admitted or denied as set forth in the corresponding numbered responses above.

75.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

76.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

77.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

78.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## COUNT V

## VIOLATION OF TITLE VII – FAILURE TO PROMOTE RETALIATION

### Plaintiff Jerald Sams

79.     Plaintiffs incorporated paragraphs 1-78 are admitted or denied as set forth in the corresponding numbered responses above.

80.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

81.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

82.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

83.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

84.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

85.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

86.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

87.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

88.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

89.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

90.     This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## **RELIEF SOUGHT ON ALL COUNTS**

### **Plaintiffs Jari McPherson and Jerald Sams**

Defendant denies that Plaintiffs are entitled to any of the relief requested in this paragraph and all its subparts.

## AFFIRMATIVE DEFENSES

Pleading further, Defendant asserts the following affirmative defenses to Plaintiffs' causes of action:

1.      Defendant asserts that Plaintiffs' Original Complaint fails to state a claim upon which relief can be granted.

2.      Defendant asserts the affirmative defense of limitations to the extent that any of Plaintiffs' claims are based upon acts or events which occurred outside of the applicable statute of limitations and for Plaintiffs' violations of any other timeliness requirements stated under the applicable statutes.

3.      Plaintiffs' claims, in whole or in part, are barred by Plaintiffs' failure to exhaust their administrative remedies.

4.      Plaintiffs' own acts and/or omissions caused or contributed to Plaintiffs' injuries, if any.

5.      Any employment decisions challenged by Plaintiffs were made for legitimate, non-discriminatory, non-retaliatory reasons.

6.      Plaintiffs have failed to mitigate their damages, if any.

7.      Plaintiffs' claims, in whole or in part, are barred by estoppel and unclean hands.

8.      Compensatory damages awarded in this matter, if any, are subject to the applicable statutory damages cap provided by state and federal law.

9.      Defendant asserts that its decisions and actions regarding Plaintiffs were wholly appropriate and these same decisions and actions would have been taken regardless of any allegedly unlawful motives, including discrimination and retaliation.

10.     Defendant asserts its actions relevant to the causes of action asserted in the Complaint were done in good faith and without malice, willfulness, or intent.

11.     Defendant asserts that any challenged action, practice, or policy taken against Plaintiffs were reasonably necessary to business or governmental operations.

12.      Defendant affirmatively pleads with regard to Plaintiffs' allegation of unlawful conduct by Defendant, that Defendant exercised reasonable care and, if necessary, would have properly corrected any such alleged behavior or conduct had it occurred.

13.     Subject to further discovery, Plaintiff's damages are limited by the doctrine of after-acquired evidence.

14.     Defendant asserts the defense of Eleventh Amendment immunity to all claims to which that defense applies.

15.     Defendant reserves the right to assert additional defenses as those defenses may become known during the factual development of this case.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take

nothing by this suit and that all costs be taxed against them. Defendant further prays that

this Court grant it any other further relief to which it may be justly entitled both in law and

in equity.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Division Chief - General Litigation

*/s/ Francesca A. Di Troia*
FRANCESCA A. DI TROIA
Texas Bar No. 24097596
Lead Counsel
francesca.ditroia@oag.texas.gov
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 475-4651
Fax: (512) 320-0667

**ATTORNEYS FOR DEFENDANT**

**TEXAS DEPARTMENT OF PUBLIC SAFETY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Western District of Texas, Austin Division, on February 8, 2021 to:

Robert Notzon
The Law Office of Robert Notzon
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com
Ph.: 512-474-7563
Fax.: 512-852-4788

***Counsel for Plaintiffs***

*/s/ Francesca A. Di Troia*
FRANCESCA A. DI TROIA
Assistant Attorney General