UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JARI MCPHERSON and | § | |
| JERALD SAMS, and DANIEL | § | |
| MARTINEZ, | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | Case No. 1:20-cv-01223-DAE |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| PUBLIC SAFETY, | § | |
| *Defendant,* | § | |

---

## DEFENDANT'S AMENDED ANSWER

---

TO THE HONORABLE COURT:

Pursuant to Fed. R. Civ. P. 8(b)(3), Defendant Texas Department of Public Safety ("DPS") denies each and every allegation contained in Plaintiffs' Second Amended Complaint (Dkt. #46), except for those expressly admitted below. These numbered paragraphs and titles correspond to the paragraphs within the Plaintiffs' Complaint.

## <u>NATURE OF THE ACTION</u>

1.    This paragraph is a description of the Plaintiffs' claims and does not require a response. To the extent that any response is required, Defendant denies the allegations.

2.    This paragraph is a description of the Plaintiffs' claims and does not require a response. To the extent that any response is required, Defendant denies the allegations.

3.    This paragraph is a description of the Plaintiffs' claims and does not require a response. To the extent that any response is required, Defendant denies the allegations.

## JURISDICTION AND VENUE

4.      Admit.

5.      This paragraph makes a legal conclusion and does not state factual allegations that need a response.

6.      Admit that Defendant's headquarters is located within the District and that it conducts business within the District. Deny that unlawful employment practices were committed within the District.

7.      Admit that Exhibits A, B, and C contain right to sue letters received by Sams, McPherson, and Martinez.

## PARTIES

8.      Defendant lacks knowledge or sufficient information to form a belief as to Plaintiff McPherson's citizenship or where Plaintiff McPherson currently resides. Defendant admits that Plaintiff McPherson may be contacted through his attorney of record.

9.      Defendant lacks knowledge or sufficient information to form a belief as to Plaintiff Sams's citizenship or where Plaintiff Sams currently resides. Defendant admits that Plaintiff Sams may be contacted through his attorney of record.

10.     Defendant lacks knowledge or sufficient information to form a belief as to Plaintiff Martinez's citizenship or where Plaintiff Martinez currently resides. Defendant admits that Plaintiff Martinez may be contacted through his attorney of record.

11.     Defendant admits that Texas Department of Public Safety is a state agency.

12.     Defendant admits that Steven C. McGraw is the Director of the Texas Department of Public Safety.

## FACTUAL ALLEGATIONS
### Plaintiff McPherson

13.     Defendant admits Plaintiff McPherson (PM) has served as a commissioned officer with the TxDPS for more than 18 years. Defendant denies PM during said period of public service has always achieved a "meets expectations" or above rating on each of his annual job performance evaluations and has received special recognition for his work on numerous occasions.

14.     Defendant denies PM was removed from Regulatory Services Division (RSD) of the TxDPS located in Austin Texas and placed in the Criminal Investigation Division (CID). Defendant admits PM was assigned to the CID's Temple location. Defendant admits that PM was driving a DPS assigned vehicle. Defendant lacks sufficient information sufficient to form a belief about how long PM was assigned a vehicle by DPS.

15.     Deny.

16.     Defendant admits PM received a verbal warning for leaving his duty station. Defendant denies the remaining allegations.

17.     Deny.

18.     Defendant admits PM was issued a C-1. Defendant denies the remaining allegations.

19.     Defendant admits PM was issued a written counseling for not carrying out a procedure. Defendant denies the remaining allegations.

20.     Deny.

21.     Defendant admits PM requested permission to grow facial hair. Defendant denies the remaining allegations.

22.    Deny.

23.    Defendant lacks information sufficient to form a belief about conversations with co-workers. Defendant denies the remaining allegations.

24.    Deny.

25.    Deny.

26.    Defendant admits PM filed an EEOC complaint with DPS OIG. Defendant admits PM's complaint was not sustained. Defendant denies the remaining allegations.

27.    Defendant lacks information sufficient to form a belief about PM's feelings. Defendant admits PM requested a transfer from Temple CID to Austin CID.

28.    Admit.

29.    Defendant lacks information sufficient to form a belief about Austin CID's Command awareness of the EEOC complaint filed against Temple CID.

30.    Deny.

31.    Admit PDM told Capt. Koenig he would not be treating PM any differently that he would treat his other employees.

32.    Defendant lacks knowledge or sufficient information to form a belief as to Plaintiff Martinez's interpretation of Captain Koenig's body language or facial responses.

33.    Defendant admits Captain Koenig called a meeting with PM and PM's LT. Defendant lacks information sufficient to form a belief about PM's feelings. Defendant denies the remaining allegations.

34.    Deny.

35.    Deny.

36.    Deny.

37.    Deny.

38.    Admit that at the time, Units 7C2 and 7C3 did not have African American members.

39.    Deny.

40.    Deny.

41.    Deny.

42.    Admit that PDM make a complaint of discrimination.

43.    Deny.

44.    Deny.

45.    Deny.

46.    Admit that PM was transferred to Unit 7C2. Defendant denies the remaining allegations.

47.    Deny.

48.    Defendant admits that PM was assigned and in possession a DPS vehicle when PM transferred from Temple CID to Austin CID. Defendant denies the remaining allegations.

49.    Deny.

50.    Deny.

51.    Admit that PH was given the option to transfer. Defendant denies the remaining allegations.

52.    Deny.

53.    Admit that at some point, PM received permission to use his state assigned vehicle if it was parked in a secure parking location.

54.    Deny.

55.    Deny.

56.    Deny.

57.    Deny.

58.    Deny.

59.    Deny.

## FACTUAL ALLEGATIONS
### Plaintiff Sams

60.    Defendant admits Plaintiff Sams (JS) has served as a commissioned officer with the DPS for more than 26 years. Defendant admits JS has received special recognition for his work. Defendant denies the remaining allegations.

61.    Deny.

62.    Admit that JS at the time was a corporal.

63.    Admit.

64.    Defendant lacks information sufficient to form a belief about JS seeking consistently sought written/evidentiary justification from the period 2017 to 2020. Defendant denies the remaining allegations.

65.    Admit that JS worked on a written manual for operational procedures. Defendant denies the remaining allegations.

66.    Deny.

67.    Defendant denies that an allegation was asserted by Lt. Adkins for JS to deny.

68.　Deny that Lt. Adkins alleged that JS was attempting to turn the TxDPS Mounted Unit into a "Buffalo Soldiers Unit."

69.　Deny.

70.　Deny.

71.　Admit that on or about July 2018, Jeremiah Richards, Captain over the TxDPS Mounted Unit took a picture of a horse and the photo partially captured JS trimming the horse's hoof.  The Defendant denies the remaining allegations.

72.　Admit that Captain Richards texted that photo to his friend and that his friend responded via text that "I have never seen a black man doing that before."  Defendant denies the remaining allegations.

73.　Defendant lacks knowledge or sufficient information to form a belief as to JS' response to the comments made regarding the photograph.

74.　Deny.

75.　Deny.

76.　Admit.

77.　Admit.

78.　Deny.

79.　Admit that Captain Richards was in the supervisory chain over the TxDPS's Mounted Unit.

80.　Defendant admits JS filed a complaint against Captain Richards for race discrimination with DPS OIG. Defendant denies the remaining allegations.

81.     Defendant admits OIG issued a finding and decision not sustaining JS's complaint of race discrimination against Captain Richards stating in part "The information obtained failed to reveal misconduct by Captain Richards. However, the investigation identified the potential for improvement that will be addressed through training." Defendant denies the remaining allegations.

82.     Deny.

83.     Defendant admits a position for Sergeant position for DPS's Mounted Unit was posted. Defendant admits that the positing allowed transfers to apply for said position. Defendant denies the remaining allegations.

84.     Admit.

85.     Defendant admits the selected individual had less experience with horses. Defendant denies the selected individual was less qualified.

86.     Deny.

87.     Defendant lacks information sufficient to form a belief regarding JS's conversations with Captain Richards about the posting.  Defendant denies the remaining allegations.

88.     Deny.

89.     Deny.

## FACTUAL ALLEGATIONS
### Plaintiff Martinez

90.     Admit that PDM began working as a probationary Highway Patrol Trooper on March 28, 2008, and that PDM promoted to a lieutenant on December 1. 2015. Defendant

denies that PDM has always achieved a "exceeds expectations" or above rating on each of his annual job performance evaluations.

91.   Deny.

92.   Admit.

93.   Admit that a C-1 (OIG 2018-0793) was filed against PDM in response to his behavior of September 30, 2018 that violated Department policies.  Defendant denies that this C-1 was filed in retaliation.

94.   Deny.

95.   Admit PDM told Capt. Koenig he would not be treating PM any differently that he would treat his other employees.

96.   Defendant lacks knowledge or sufficient information to form a belief as to Plaintiff Martinez's observations or interpretation of Captain Koenig's body language or facial responses. The Defendant denies the remaining allegations.

97.   Defendant lacks knowledge or sufficient information to form a belief as to Plaintiff Martinez's comfort level.  Defendant denies the remaining allegations.

98.   Deny.

99.   Admit that PDM had physical and psychological disabilities that he communicated to Defendant.

100.   Admit.

101.   Deny.

102.   Deny.

103.   Admit.

104.    Deny.

105.    Deny.

106.    Deny.

107.    Admit that PDM complained regarding the treatment of his 7C1 squad.

108.    Deny.

109.    Admit that PDM filed a formal complaint of racial discrimination.

110.    Admit that PDM mentioned to Haddox that he was concerned about retaliation, and that Haddox gave him reassurances. Defendant denies the remaining allegations.

111.    Admit that PDM was not specifically contacted to be interviewed as part of a formal investigation. Defendant denies the remaining allegations.

112.    Deny.

113.    Deny.

114.    Defendant lacks knowledge or sufficient information to form a belief as to JS' hopes or beliefs.

115.    Deny.

116.    Defendant lacks knowledge or sufficient information to form a belief as to JS' impressions.

117.    Deny.

118.    Deny.

119.    Deny.

120.    Admit that PDM had a meeting with Captain Koenig and Major Ortiz. Defendant denies the remaining allegations.

121.   Deny.

122.   Deny.

123.   Admit that PM was transferred to Unit 7C2. Defendant denies the remaining allegations.

124.   Deny.

125.   Deny.

126.   Deny.

127.   Deny.

128.   Deny.

129.   Defendant lacks information sufficient to form a belief about conversations between co-workers.

130.   Defendant lacks information sufficient to form a belief about conversations between co-workers. Defendant denies the remaining allegations.

131.   Defendant lacks information sufficient to form a belief about PDM's intent.

132.   Deny.

133.   Deny.

134.   Admit that once a name is placed on a "captain's list" for promotion, the individual at the top of the list is promoted first and the second person on the list is next in line to promote until the names are exhausted or until such time the list expires. Defendant denies the remaining allegations.

135.   Admit that Lt. Hanson was selected to be placed on the promotional list for captain in or around September 2020 but did not promote prior to the expiration of that list and that he was selected again in or around November 2021 to be placed on the promotional list for captain.  Admit that PDM was not selected to be placed on the promotional list for captain. Defendant denies the remaining allegations.

136.   Deny.

137.   Admit that PDM submitted a hardship transfer request dated 12/8/2020. Defendant lacks information sufficient to form a belief about conversations or circumstances of PDM's family members.  Defendant denies the remaining allegations.

138.   Admit that PDM submitted a hardship transfer request dated 12/8/2020. Defendant denies the remaining allegations.

139.   Deny.

140.   Deny.

141.   Deny.

142.   Defendant lacks information sufficient to form a belief about conversations between co-workers.

143.   Defendant lacks information sufficient to form a belief about conversations between PDM and Maj. Baskerville.  Defendant denies the remaining allegations.

144.   Deny.

145.   Deny.

146.   Deny.

147.   Deny.

148.    Admit that applicants attempting to promote must meet the minimum qualifications to participate in the interview process that includes questions posed to the applicant.  Admit that an applicant needs to identify if they have a sustained C-1 in their personnel file. Defendant denies the remaining allegations.

149.    Deny.

150.    Admit.

151.    Deny.

## FACTUAL ALLEGATIONS
## COUNT 1

## VIOLATION OF TITLE VII-RACE or NATIONAL ORIGIN DISCRIMINATION

### Plaintiffs Jari McPherson, Jerald Sams, and Daniel Martinez

152.    Plaintiffs incorporated paragraphs 1-151 are admitted or denied as set forth in the corresponding numbered responses above.

153.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

154.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

155.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

156.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

157.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

158.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.


## COUNT II

## VIOLATION OF TITLE VII – UNLAWFUL RETALIATION

### Plaintiffs Jari McPherson, Jerald Sams, and Daniel Martinez

159.    Plaintiffs incorporated paragraphs 1-158 are admitted or denied as set forth in the corresponding numbered responses above.

160.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

161.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

162.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

163.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

164.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

165.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

166.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

167.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## COUNT III

## VIOLATION OF TITLE VII – HARASSMENT and HOSTILE WORK ENVIRONMENT – RACIAL and/or NATIONAL ORIGIN DISCRIMINATION

### Plaintiffs Jari McPherson and Jerald Sams

168.    Plaintiffs incorporated paragraphs 1-167 are admitted or denied as set forth in the corresponding numbered responses above.

169.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

170.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

171.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

172.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

173.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## COUNT IV

## VIOLATION OF TITLE VII – FAILURE TO PROMOTE BASED ON RACE and/or NATIONAL ORIGIN DISCRIMINATION

**Plaintiffs Jerald Sams and Daniel Martinez**

174.   Plaintiffs incorporated paragraphs 1-173 are admitted or denied as set forth in the corresponding numbered responses above.

175.   This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

176.   This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

177.   This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

178.   This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

179.   This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

180.   This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## COUNT V

## VIOLATION OF TITLE VII – FAILURE TO PROMOTE RETALIATION

### Plaintiff Jerald Sams and Daniel Martinez

181.   Plaintiffs incorporated paragraphs 1-180 are admitted or denied as set forth in the corresponding numbered responses above.

182.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

183.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

184.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

185.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

186.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

187.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

188.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

189.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

190.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

191.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

192.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

193.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## **COUNT VI**

## **VIOLATION OF ADA – DISABILITY DISCRIMINATION – DENIAL OF ACCOMMODATION**

### **Plaintiff Daniel Martinez**

194.    Plaintiffs incorporated paragraphs 1-193 are admitted or denied as set forth in the corresponding numbered responses above.

195.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

196.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

197.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

198.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

199.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

200.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

201.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## COUNT VII

## VIOLATION OF ADA – RETALIATION

### Plaintiff Daniel Martinez

202.    Plaintiffs incorporated paragraphs 1-201 are admitted or denied as set forth in the corresponding numbered responses above.

203.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

204.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

205.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

206.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

207.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

208.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

209.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

210.    This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

211.   This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## COUNT VIII

## VIOLATION OF TITLE VII – HARASSMENT and HOSTILE WORK ENVIRONMENT - RETALIATION

### Plaintiffs Jari McPherson, Jerald Sams, and Daniel Martinez

212. Plaintiffs incorporated paragraphs 1-211 are admitted or denied as set forth in the corresponding numbered responses above.

213. This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

214. This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

215. This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

216. This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

217. This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

218. This paragraph contains only assertions of law, conclusory statements, or arguments to which no response is required.

## RELIEF SOUGHT ON ALL COUNTS

### Plaintiffs Jari McPherson, Jerald Sams, and Daniel Martinez

Defendant denies that Plaintiffs are entitled to any of the relief requested in this paragraph and all its subparts.

## AFFIRMATIVE DEFENSES

Pleading further, Defendant asserts the following affirmative defenses to Plaintiffs' causes of action:

1.      Defendant asserts the defense of sovereign immunity as to any of Plaintiff's claims or requests for damages for which that defense may apply.

2.      Defendant asserts the affirmative defense of limitations to the extent that any of Plaintiffs' claims are based upon acts or events which occurred outside of the applicable statute of limitations and for Plaintiffs' violations of any other timeliness requirements stated under the applicable statutes.

3.      Plaintiffs' claims, in whole or in part, are barred by Plaintiffs' failure to exhaust their administrative remedies.

4.      Plaintiffs' own acts and/or omissions caused or contributed to Plaintiffs' injuries, if any.

5.      Plaintiff Martinez's claims, in whole or in part, are barred because Martinez is not a qualified individual with a disability with respect to the promotion positions for which he was not selected.

6.      Plaintiff Martinez's claims, in whole or in part, are barred by Martinez's failure to participate fully and in good faith in the interactive process.

7.      Plaintiff Martinez's claims, in whole or in part, are barred because Plaintiff's requested accommodation would have caused an undue hardship on the employer.

8.      Any employment decisions challenged by Plaintiffs were justified by business necessity, were done in good faith, and were not intentionally devised or operated to contravene the prohibitions of the Title VII or the Americans with Disabilities Act.

9.      Plaintiffs have failed to mitigate their damages, if any.

10.     Plaintiffs' claims, in whole or in part, are barred by estoppel and unclean hands.

11.     Compensatory damages awarded in this matter, if any, are subject to the applicable statutory damages cap provided by state and federal law.

12.     Defendant asserts that its decisions and actions regarding Plaintiffs were wholly appropriate and these same decisions and actions would have been taken regardless of any allegedly discriminatory and retaliatory motives.

13.      Defendant asserts that exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

14.     Subject to further discovery, Plaintiffs' damages are limited by the doctrine of after-acquired evidence.

15.     Defendant reserves the right to assert additional defenses as those defenses may become known during the factual development of this case.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit and that all costs be taxed against them. Defendant further prays that

this Court grant it any other further relief to which it may be justly entitled both in law and in equity.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER HILTON
Division Chief - General Litigation

*/s/ Drew L. Harris*
DREW L. HARRIS
Texas Bar No. 24057887
ALLISON COLLINS
Texas Bar No. 24127467
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 463-2120
Fax: (512) 320-0667
drew.harris@oag.texas.gov
allison.collins@oag.texas.gov
***ATTORNEYS FOR DEFENDANT***

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Western District of Texas, Austin Division, on December 5, 2022, to:

ROBERT NOTZON
The Law Office of Robert Notzon
Robert@NotzonLaw.com

JOHN SCHULMAN
Schulman Law Firm
staff@schulmanlaw.com

LEONARD MUNGO
Mungo & Mungo at Law PLLC
caseaction@mungoatlaw.com
***ATTORNEY FOR PLAINTIFFS***

/s/ Drew L. Harris
DREW L. HARRIS