# EX. 14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JARI MCPHERSON, JERALD SAMS, AND DANIEL MARTINEZ, | ) ) ) |
| Plaintiffs, | ) ) |
| VS. | ) CIVIL ACTION ) |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, | ) NO.: 1:20-cv-01223-DAE ) ) |
| Defendant. | ) ) |

-----------------------------------

REMOTE ORAL DEPOSITION OF

GABRIEL ORTIZ

FEBRUARY 13, 2023

-----------------------------------

REMOTE ORAL DEPOSITION OF GABRIEL ORTIZ, produced as a witness at the instance of the PLAINTIFFS, and duly sworn, was taken in the above-styled and numbered cause on February 13, 2023, from 3:01 p.m. to 5:33 p.m., via Zoom, before Vanessa J. Theisen, CSR in and for the State of Texas, reported by machine shorthand, pursuant to the Federal Rules of Civil Procedure and any provisions stated on the record or attached hereto.

**42**

1    A.  Are you asking who -- who got that position?
2    Q.  Yes, sir.
3    A.  So there was a couple of people that -- one
4  person actually promoted at the time, a Luis Verdeja,
5  and then we had a couple of people on an eligibility
6  list, which is good for a year, and if there's a
7  vacancy that comes up open somewhere in my region,
8  they will be contacted and asked if they are
9  interested in filling that position.
10        So next on the list after Lieutenant
11 Verdeja was Rick Soforo, and then after that I
12 believe it was a Marco Castaneda, and then after that
13 it was Nate Head.
14   Q.  So are you reading a document here as you're
15 testifying?
16   A.  I am not.  That was off the top of my head.
17   Q.  Okay.  Very good.  I'm impressed.  And none
18 of those people were obviously McPherson.  None of
19 them.  The standbys or the promoted person, right?
20   A.  That is correct.
21   Q.  And the promoted person was Verdeja.  Do you
22 recall or did you look into it enough to contrast for
23 me, let's say, the qualifications, experience, and
24 leadership of Mr. Verdeja as compared with my client?
25   A.  Yes, I did.

**43**

1    Q.  And would you agree with me that McPherson
2  had more experience as a leader of employment -- of
3  personnel, of police personnel, than Mr. Verdeja?
4        MR. HARRIS:  Object to the form of the
5  question.
6    Q.  (BY MR. SCHULMAN)  The objection that's been
7  interposed, I don't think it came with an instruction
8  to you, sir, not to answer, so I'm -- I'm looking for
9  your answer.
10   A.  Gotcha.  So, no, I -- I would disagree with
11 you on that.  Lieutenant Verdeja had a significant
12 amount, significant more experience than Agent
13 McPherson.
14   Q.  And what kind of experience did Verdeja
15 have?
16   A.  So I -- without looking at his, what's
17 called a 113, which is a document that's required by
18 all personnel to complete, he provided some specific
19 examples about his investigative experience.  Also,
20 you have to provide examples of how you demonstrated
21 certain competencies such as leadership, problem
22 solving skills, investigative skills, and all those
23 different things.
24        And so I don't have that in front of me,
25 but I can tell you right now that his experience

**44**

1  working out of that Houston office, he developed a
2  significant amount of experience in the several years
3  that he was a special agent.
4    Q.  Okay.  But without the 113 in front of you,
5  I guess it would be fair to say that you can't
6  presently be specific about what Lieutenant Verdeja
7  learned in Houston or what his experiences were?
8    A.  Right.  I -- I can't be specific, but I can
9  tell you I do recall it was a significantly amount --
10 or significant more experience than Agent McPherson.
11 And that's just not something that I decide on my
12 own.
13        There's a board, an interview board that
14 consists of board members, and everybody unanimously
15 agreed that that was -- Lieutenant Verdeja was the
16 top candidate.
17   Q.  And did you express the opinion, Major, that
18 you wanted Lieutenant Verdeja selected?
19   Q.  Did I express the opinion?
20   Q.  Did you say, "Hey, I want him"?
21   A.  No, that's not how that works.
22   Q.  Well, I know it's not supposed to be that
23 way, but I'm asking you if you did it?
24   A.  No, sir, I did not.
25   Q.  Did you express any opinion about Lieutenant

**45**

1  Verdeja to the board?
2    A.  There may have been some opinion about his
3  113 looked good or his interview went well, but those
4  are things that are mentioned during the board
5  process for each candidate.
6    Q.  Okay.  And who did you say was the last
7  standby, the last person that might get promoted, was
8  it --
9    A.  Nathaniel Head.  Nate Head.
10   Q.  Nathaniel Head.  Was Nathaniel Head a
11 relatively new employee?
12   A.  Yes.
13   Q.  Would you agree with me that his experience
14 was no -- nowhere near comparable to McPherson's?
15       MR. HARRIS:  Object to the form of the
16 question.
17   A.  That's probably accurate, John, but that's
18 not the only thing we consider or take in
19 consideration when we're promoting somebody to a
20 position.
21   Q.  (BY MR. SCHULMAN)  So what -- well, what was
22 it about Nathaniel Head that made him a better
23 candidate to be on a standby list for promotion than
24 McPherson?  It wasn't his tenure, I understand, so it
25 must have been something else.  What was it?

Gabriel Ortiz - 2/13/2023

---

**86**

1    MR. HARRIS:  All right.  We'll reserve
2  our questions for trial and ask that the witness be
3  given an opportunity review and sign the transcript.
4    MR. SCHULMAN:  Okay.  I was right.
5    (Deposition concluded at 5:33 p.m.)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

---

**87**

1    CHANGES AND SIGNATURE
2  WITNESS NAME:  GABRIEL ORTIZ
3  DATE OF DEPOSITION:  FEBRUARY 13, 2023
4  PAGE      LINE      CHANGE      REASON
5  _____
6  _____
7  _____
8  _____
9  _____
10 _____
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19 _____
20 _____
21 _____
22 _____
23 _____
24 _____
25 _____

---

**88**

1    I, GABRIEL ORTIZ, have read the foregoing
2  deposition and hereby affix my signature that same is
3  true and correct, except as noted above.
4
5    _____
     GABRIEL ORTIZ
6
7  THE STATE OF _____ )
8  COUNTY OF _____ )
9    Before me, _____, on this day
10 personally appeared GABRIEL ORTIZ, known to me (or
11 proved to me under oath or through _____)
12 (description of identity card or other document) to
13 be the person whose name is subscribed to the
14 foregoing instrument and acknowledged to me that he
15 executed the same for the purposes and consideration
16 therein expressed.
17
18    Given under my hand and seal of office, this
19 _____ day of _____, _____.
20
21    _____
     NOTARY PUBLIC IN AND FOR
22
23    THE STATE OF _____
24 My commission expires: _____
25 ____ No Changes Made ____ Amendment Sheet(s) Attached

---

**89**

1    IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF TEXAS
2        AUSTIN DIVISION
3  JARI MCPHERSON, JERALD      )
   SAMS, AND DANIEL MARTINEZ,  )
4      Plaintiffs,  )
5                 ) CIVIL ACTION
   VS.            )
6                 ) NO.: 1:20-cv-01223-DAE
   TEXAS DEPARTMENT OF PUBLIC  )
7  SAFETY,        )
                  )
8      Defendant.  )
9    REPORTER'S CERTIFICATION OF THE REMOTE ORAL
        DEPOSITION OF GABRIEL ORTIZ
10        FEBRUARY 13, 2023
11    I, Vanessa J. Theisen, a Certified
12 Shorthand Reporter in and for the State of Texas,
13 hereby certify to the following:
14    That the witness, GABRIEL ORTIZ, was duly
15 sworn by the officer and that the transcript of the
16 oral deposition is a true record of the testimony
17 given by the witness;
18    That the original deposition was delivered
19 to Mr. Drew Harris to obtain witness's signature.
20    That a copy of this certificate was served
21 on all parties and/or the witness shown herein on
22 March 1, 2023.
23
24    I further certify that pursuant to FRCP
25 Rule 30(3) that the signature of the deponent:

---

90

1        _XX_ was requested by the deponent or a
2    party before the completion of the deposition and
3    that the signature is to be before any notary public
4    and returned within 30 days from date of receipt of
5    the transcript.
6        If returned, the attached Changes and
7    Signature Page contains any changes and the reasons
8    therefore:
9        ____ was not requested by the deponent or
10    a party before the completion of the deposition.
11        I further certify that I am neither
12    counsel for, related to, nor employed by any of the
13    parties or attorneys in the action in which this
14    proceeding was taken, and further that I am not
15    financially or otherwise interested in the outcome of
16    the action.
17        Certified to by me on this, the 1st day
18    of March, 2023.
19
20    _____
         VANESSA J. THEISEN, Texas CSR, RPR
21       Texas Cert No. 3238
         Expiration Date:  10/31/23
22       Integrity Legal Support Solutions
         Firm Registration No. 528
23       9901 Brodie Ln., Ste. 160-400
         Austin, Texas 78748
24       (512) 320-8690
         www.integritylegal.support
25