IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
January 28, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ps_____
DEPUTY

| | |
|---|---|
| JARI MCPHERSON and JERALD SAMS, <br> *Plaintiffs*, <br><br> v. <br><br> TEXAS DEPARTMENT OF PUBLIC SAFETY, <br> *Defendant.* | Civil Action No. 1:20-CV-01223-DAE |

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other

1

than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

# INSTRUCTION ONE

Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that any Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

# **INSTRUCTION TWO**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

# **INSTRUCTION THREE**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to

prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.


## INSTRUCTION FOUR

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

# **INSTRUCTION FIVE**

Plaintiff Sams claims that Defendant DPS's failure to promote him was motivated by his race. The employer, Defendant DPS, denies Plaintiff Sams' claims, and contends that it selected the more qualified candidate, David Devenport, for promotion to Sergeant of the Mounted Patrol Unit.

It is unlawful for an employer to discriminate against an employee because of the employee's race. An employer may, however, deny an employee a promotion for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Sams must prove by a preponderance of the evidence that:

1. Defendant DPS denied Plaintiff Sams a promotion to Sergeant in 2018;

2. Defendant DPS would not have denied Plaintiff Sams a promotion to Sergeant in 2018 but for—his race.

Plaintiff Sams does not have to prove that unlawful discrimination was the only reason Defendant DPS denied Sams a promotion to Sergeant.

If you find the reason Defendant DPS has given for denying Sams a promotion to Sergeant is unworthy of belief, you may, but are not required to, infer

8

that Defendant DPS was motivated by race.

You may not return a verdict for Plaintiff Sams just because you might disagree with DPS's employment decisions or believe them to be harsh or unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination.

# INSTRUCTION SIX

Plaintiff McPherson claims that Defendant DPS retaliated against him for engaging in protected activity under Title VII.

Plaintiff McPherson claims that he engaged in statutorily protected conduct by filing a complaint against Captain Steven Schwartz for race discrimination at the Temple office of the DPS. Plaintiff McPherson claims he was then denied a transfer to Squad 7C2, and he was passed over by a less qualified white agent for which Plaintiff McPherson also complained about race discrimination, and then Plaintiff McPherson was denied the use of his state-issued vehicle in retaliation for engaging in protected activity.

Defendant DPS denies Plaintiff McPherson's claims and asserts that retaliation played no role in its business decisions.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. "Protected activity" includes opposing an employment practice that is unlawful under Title VII by making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII.

To prove unlawful retaliation, Plaintiff McPherson must prove by a

preponderance of the evidence that:

1. He engaged in protected activity by complaining of race discrimination;

2. Defendant DPS retaliated against McPherson in the manner described above; and

3. Defendant DPS's decisions against McPherson in the manner described above was on account of his protected activity—that is, his complaints about race discrimination.

You need not find that the only reason for DPS' decision was McPherson's protected activity. But you must find that DPS's decision to take the actions described above would not have occurred in the absence of—but for—his protected activity.

If you disbelieve the reason Defendant DPS has given for its decisions, you may, but are not required to, infer that Defendant DPS would not have decided to take the above referenced actions but for Plaintiff McPherson engaging in the protected activity.

You may not return a verdict for Plaintiff McPherson just because you might disagree with DPS's employment decisions or believe them to be harsh or

11

unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful retaliation.

You are further instructed that Plaintiff McPherson's mere disagreement with DPS' business decisions or their subjective belief that they were subjected to retaliation is not evidence of retaliation.

# **INSTRUCTION SEVEN**

Plaintiff Sams claims he was harassed and subjected to a hostile work environment based on his race by his supervisors and co-workers, and that his employer, Defendant DPS, is responsible for the harassing conduct and not stopping that harassing conduct. Defendant DPS denies Sams' claims and contends that its business decisions had nothing to do with race, and to the extent Sams reported any racial harassment, Defendant DPS took prompt remedial action to investigate and address it.

Plaintiff McPherson contends that he was harassed and subjected to a hostile work environment based on his race by his supervisors and co-workers, and that his employer, Defendant DPS, is responsible for the harassing conduct and not stopping that harassing conduct. Defendant DPS denies McPherson's claims and contends that his supervisors' business decisions had nothing to do with race, and to the extent McPherson reported any racial harassment, Defendant DPS took prompt remedial action to investigate and address it.

It is unlawful for an employer to discriminate against an employee because of the employee's race. Unlawful discrimination can include harassment.

For Defendant DPS to be liable for harassment based on race, Plaintiffs Sams and McPherson must prove by a preponderance of the evidence

13

that supervisors and co-workers engaged in harassment based on Plaintiffs Sams' and McPherson's race, and:

1. the conduct was sufficiently severe or pervasive to:

    a. alter the terms or conditions of Plaintiffs Sams' or McPherson's employment; and

    b. create a hostile or abusive work environment; and

2. Defendant DPS knew, or in the exercise of reasonable care should have known, that Plaintiffs Sams and McPherson were being harassed based on their race. To make this showing, Plaintiffs Sams and McPherson must prove that:

    a. the harassment was known by or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so; or the harassment was so open and obvious that Defendant DPS should have known of it; and

    b. Defendant DPS failed to take prompt remedial action designed to stop the harassment.

Plaintiff Sams must prove harassment occurred after September 28, 2018, and Plaintiff McPherson must prove harassment occurred after September 15, 2019. Acts that occurred prior to the foregoing dates may be used as

background evidence of Defendant's motivation in support of finding that harassment occurred after the foregoing dates.

To determine whether the conduct in this case rises to a level that alters the terms or conditions of Plaintiffs Sams' and McPherson's employment, you should consider all the circumstances, including the frequency of the conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with Plaintiffs Sams' and McPherson's work performance.

In determining whether a hostile work environment existed, you must consider the evidence from both Plaintiffs Sams' and McPherson's perspective, and from the perspective of a reasonable person. First, you must look at whether Plaintiffs Sams or McPherson actually found the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiffs Sams or McPherson would find the conduct offensive.

If Plaintiffs Sams or McPherson prove either of them were harassed because of his race, then you must decide whether Defendant DPS is liable. Plaintiffs Sams or McPherson must prove that Defendant DPS: (a) either knew of the harassment or in the exercise of reasonable care should have known of the harassment; and (b) failed to take prompt remedial action.

In determining whether Defendant DPS knew or should have known of the harassment, Plaintiffs Sams and McPherson must prove that: (a) the harassment was known or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so; or (b) the harassment was so open and obvious that Defendant DPS should have known of it.

"Prompt remedial action" is conduct by the employer that is reasonably calculated to stop the harassment and remedy the situation. Whether Defendant DPS's actions were prompt and remedial depends on the facts. You may consider, among other things, the effectiveness of any actions taken.

# **INSTRUCTION EIGHT**

If you found that Defendant DPS violated the law by answering yes to either Questions 1, 2, 5, or 8, then you must determine whether Defendant DPS has caused Plaintiffs damages and, if so, you must determine the amount, if any, of those damages.

You should not interpret the fact that I have given instructions about Plaintiffs' damages as an indication in any way that I believe that they should, or should not win this case. It is your task first to decide whether DPS is liable. I am instructing you on damages only so that you will have guidance in the event you decide that DPS is liable, and that Plaintiffs Sams or McPherson are entitled to recover money from DPS.

Plaintiffs Sams or McPherson must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiffs need not prove the amount of their losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1a) for Plaintiff Sams only, the amount of back pay and benefits Plaintiffs Sams would have earned in his employment with DPS if he had been

17

promoted to Sergeant in October 2018 and remained employed from October 1, 2018, to the date that Sams retired on February 29, 2024, minus the amount of earnings and benefits that Sams received from employment during that time; and (1b) for Plaintiff McPherson only, the amount of damages for being denied the use of his service vehicle; and (2) compensatory damages for Plaintiff Sams and Plaintiff McPherson, as separately determined by the jury for each plaintiff independently, which includes mental anguish, stress, pain, anxiety, loss of enjoyment of life, and other such damages.

To recover compensatory damages for mental and emotional distress, Plaintiffs Sams and McPherson must each prove that they have suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be supported by doctors, psychologists, or other witnesses, but Plaintiffs Sams and McPherson must each support their claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy. There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiffs for any injury they have sustained. Do not include as compensatory damages back pay, front pay, or interest on back pay or benefits.

# **INSTRUCTION NINE**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

The attorneys will now present their closing arguments.

DATED: Austin, Texas, January 28, 2026.

_____
DAVID A. EZRA
UNITED STATES SENIOR DISTRICT JUDGE