**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**FILED**

July 07, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_

DEPUTY

|  |  |  |
|---|---|---|
| JARI MCPHERSON, JERALD SAMS, DANIEL MARTINEZ, *Plaintiffs* | § § § § | |
| v. | § § | Case No.  A-20-CV-01223-XR |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, *Defendant* | § § § § § | |

**ORDER**

On this day came on to be considered Plaintiff Martinez's motion to sever (Dkt. No. 145) and Plaintiffs McPherson and Sams's motion to set aside (Dkt. No. 149).

**Background**

McPherson and Sams filed their complaint on December 15, 2020, alleging race discrimination by their former employer.  Dkt. No. 1.  On July 18, 2022, McPherson and Sams amended their complaint to include Martinez as a plaintiff.  Dkt. No. 39.  On November 21, 2022, Plaintiffs filed their Second Amended Complaint.  Dkt. No. 46.

On February 29, 2024, Judge David Alan Ezra issued an Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment.  Dkt. No. 63.[1]  The Court granted the motion in part, dismissing all counts except the following: Plaintiff Martinez's Count 6 (ADA disability discrimination for denial of reasonable accommodation) survived; Plaintiff Sams's Counts 2 (retaliation), 3 (hostile work environment based on race), 4 (failure to promote—race),

---

[1] When the summary judgment order was entered, there were multiple defendants in this case.  *See* Dkt. No. 63.  The Texas Department of Public Safety is the only remaining defendant.  *See* Oral Order Dated May 8, 2026; Dkt. No. 89.

1

and 5 (failure to promote—retaliation) survived; and Plaintiff McPherson's Counts 2 (retaliation) and 3 (hostile work environment based on race) survived.

The case proceeded to a jury trial before Judge Ezra on January 12, 2026. The trial lasted eleven business days. During jury deliberations, the jury sent a note to Judge Ezra asking: "If we award damages, please confirm what we have to determine: past pay, future pay, interest?" Dkt. No. 121. Judge Ezra responded in writing: "If you award damages, you may award back pay. No front pay or interest." Dkt. No. 122. There was no objection by any of the parties to Judge Ezra's response to the question.

On January 29, 2026, the jury returned a verdict.

The jury found against Plaintiff Sams on his denial of promotion claim but found that he was harassed because of his race. The jury found that Plaintiff McPherson was harassed because of his race, retaliated against, and discriminated against in being denied a promotion.

As to damages, the *first* verdict awarded Plaintiff Sams $300,000 for *past* emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, but awarded $0 for "economic loss due to reduction in back pay and benefits . . . ."

The jury awarded Plaintiff McPherson $62,600 in economic loss and $200,000 for *past* emotional pain and suffering, mental anguish, and loss of enjoyment of life.

In the *first* verdict form, the jury left blank the spaces for future mental anguish damages.

When Judge Ezra received the verdict, he asked the jury whether they intentionally left those spaces blank. The Jury Foreperson responded yes, but then volunteered that they did so after receiving the Court's answer to their jury note. The Court clarified that the answer to the jury note was about future economic losses, not mental anguish, and sent the jury back to deliberate further.

In the second verdict, the jury awarded Plaintiff Sams $0 in economic losses, $300,000 for past mental anguish, and $575,000 for future mental anguish. The jury awarded Plaintiff McPherson $62,600 in economic losses, $200,000 for past mental anguish, and $525,000 for future mental anguish.

On January 29, Defendant made an oral motion for mistrial. It later filed a Memorandum in Support of Motion for Mistrial. Dkt. No. 126. Judge Ezra granted that motion on May 29, 2026. Dkt. No. 143. On the same date, he also denied the Plaintiffs' motion for entry of judgment. *Id.* The case was thereafter transferred to the undersigned judge.

### Pending Motions

On June 1, 2026, Plaintiff Martinez filed an unopposed motion to sever his Title VII claims that were dismissed by summary judgment on February 29, 2024, so that he may appeal the dismissal of those claims.[2] On July 1, 2026, Plaintiffs filed a Motion to Set Aside the May 29, 2026, Order. Dkt. No. 149.

### 1.    Martinez's Motion to Sever

Martinez moves unopposed to sever his Title VII claims pursuant to Federal Rule of Civil Procedure 21 or, in the alternative, for a partial final judgment on those claims pursuant to Federal Rule of Civil Procedure 54(b). Severance is appropriate, and if it were not, a partial final judgment would be.

### A. Severance

Under Rule 21, a "court may . . . sever any claim against a party." "A district court has broad discretion in determining whether to sever an action and may do so if the opposite course

---

[2] Plaintiff Martinez moved to voluntarily dismiss his ADA claims, and Judge Ezra granted that motion. Dkt. Nos. 87, 89.

might cause delay or prejudice." *Long v. Pegaso Energy Servs., LLC*, No. MO: 24-CV-00150-DC-RCG, 2025 WL 4953781, at *1 (W.D. Tex. June 26, 2025). "To determine whether severance is appropriate, a court may consider the following factors: '(1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and (5) whether different witnesses and documentary proof are required.'" *Id.*

Martinez's Title VII retaliation claims were dismissed on summary judgment on February 29, 2024. McPherson and Sams proceeded to jury trial on January 29, 2026—nearly two years later—and a jury returned a verdict in their favor. Martinez's appeal will require de novo review of the summary judgment dismissal based on a fixed record from February 2024. Any appeal of McPherson and Sams's claims will require review of trial management decisions, evidentiary rulings, and jury instructions based on a trial record from January 2026. These cases will involve distinct records, different standards of review, and separate legal issues.

**1. Same Transaction or Occurrence**

While Martinez's claims and those of McPherson and Sams may share some factual overlap, the procedural posture has fundamentally diverged.

**2. Common Questions of Law or Fact**

Although the claims may have presented some common questions during discovery and pretrial management, those considerations are now substantially outweighed by the distinct appellate issues. Martinez's appeal will focus exclusively on whether summary judgment was properly granted as to his Title VII retaliation claims based on the legal standards applicable to

summary judgment and the undisputed facts as of February 2024. The appellate records are fundamentally different, and the legal questions presented will diverge significantly.

### 3. Judicial Economy

Severance will substantially promote judicial economy and sound case management. A combined judgment and appellate record would force this Court, the parties, and the Fifth Circuit to navigate two entirely different procedural universes simultaneously: a summary judgment record and a trial record. This creates unnecessary complexity.

### 4. Avoiding Prejudice

If Martinez's Title VII retaliation claims remain joined with the claims of McPherson and Sams, the appellate record will necessarily include trial materials—jury transcripts, trial exhibits, jury instructions, evidentiary rulings—that are wholly irrelevant to Martinez's summary judgment appeal of his Title VII retaliation claims. This commingling creates risk of confusion for both the parties and the reviewing court. The Fifth Circuit would be forced to parse a hybrid record, distinguishing between materials relevant to the summary judgment determination and materials relevant to the jury verdict.

Severance eliminates this prejudice by ensuring that each appellate record contains only the materials necessary to address the specific claims and procedural posture at issue.

### 5. Different Witnesses and Documentary Proof

Martinez's appeal of his Title VII retaliation claims will be limited to the summary judgment record and will not require further testimony or trial exhibits. The appellate issues will turn on the legal and factual sufficiency of the summary judgment determination based on the record as it existed on February 29, 2024. In contrast, any appeal by McPherson and Sams will

necessarily involve trial transcripts, trial exhibits, jury instructions, and evidentiary rulings from the trial.

The motion to sever is **GRANTED** (Dkt. No. 145).

**B. Partial Final Judgment**

If severance were not proper here, a partial final judgment would be. Under Rule 54(b), when an action presents more than one claim for relief or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. In *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980), the Supreme Court held that in deciding whether there is no just reason to delay appeal under Rule 54(b), district courts must consider judicial administrative interests as well as the equities involved.

A partial final judgment would be proper for largely the same reasons that severance is. There is no just reason for delay, because Martinez's appeal and that of the other Plaintiffs' claims will involve distinct records, different standards of review, and separate legal issues.

**2.      Plaintiffs' Motion to Set Aside the May 29, 2026, Order and Motion for Entry of Judgment on Jury Verdict**

The remaining Plaintiffs—McPherson and Sams—move to set aside Judge Ezra's May 29, 2026, order granting the mistrial and denying entry of judgment on the jury verdict. "A trial court is free to reconsider and reverse interlocutory orders for any reason it deems sufficient." *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727–28 (5th Cir. 2012) (cleaned up). "[W]hen a successor judge replaces another judge, the successor judge has the same discretion as the first judge to reconsider the first judge's order." *Id.* at 728 (cleaned up).

Plaintiffs argue that Judge Ezra erred in finding a Rule 606(b) violation and that their affidavits waiving the second verdict and future non-economic damages mooted any prejudice to the Defendant.

Fed. R. Evid. 606(b) states:

> (b) During an Inquiry Into the Validity of a Verdict or Indictment.
>
>> (1) Prohibited Testimony or Other Evidence. During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
>>
>> (2) Exceptions. A juror may testify about whether:
>>
>>> (A) extraneous prejudicial information was improperly brought to the jury's attention;
>>>
>>> (B) an outside influence was improperly brought to bear on any juror; or
>>>
>>> (C) a mistake was made in entering the verdict on the verdict form.

This Court concludes that Judge Ezra did not err in concluding that an unintentional violation of Rule 606(b) occurred. The exception for when a mistake was made in entering the verdict does not apply. There was no mistake; the jury agreed upon no award for future mental anguish. And the questioning for why the blanks were not filled in sought testimony from the jurors about how they understood the jury charge and the Court's answer to their jury note. *See Robles v. Exxon Corp.*, 862 F.2d 1201, 1205 (5th Cir. 1989) ("The [Rules] Committee specifically mentioned with approval that courts have held jurors incompetent to testify as to whether they or other jurors misinterpreted their instructions.").

Nor does Fed. R. Civ. P. 49 apply in this instance. Rule 49(b) states:

When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may:

>   (A) approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict;

>   (B) direct the jury to further consider its answers and verdict; or

>   (C) order a new trial.

There were no inconsistencies with the general verdict.

That decided, there remains the question of how the Defendant is prejudiced by this error. Plaintiffs have voluntarily agreed to not pursue the awards given by the jury in the second verdict. In any event, Plaintiffs also note that under 42 U.S.C. § 1981a(b)(3), non-economic damages are capped at $300,000 for each plaintiff in this case. Plaintiff Sams accordingly could not recover the future mental anguish damages under the second verdict. Plaintiff McPherson agrees to waive the additional $100,000 he could have received under the second verdict and the statutory cap. In light of these stipulations—and of the fact that the Rule 606(b) violation occurred after the first verdict was completed—entry of judgment on the first verdict will not prejudice Defendant.

The Court will **GRANT** Plaintiffs' motion to set aside the May 29, 2026, order, and **ENTER JUDGMENT** on the first verdict in the following amounts:

>   **Sams:** $300,000 (past non-economic damages)

>   **McPherson:** $200,000 (past non-economic damages) + $62,600 (economic damages) + pre-judgment interest on the economic damages calculated from December 15, 2020 (the filing date) through the date of judgment.

This approach:

>   Respects the jury's verdict on liability and past damages;

Avoids the cost and delay of a full retrial on claims that have already been tried for eleven days; and

Gives effect to Plaintiffs' waiver and the statutory cap that would negate most of the second verdict.

### Conclusion

Plaintiff Martinez's motion to sever (Dkt. No. 145) is **GRANTED**.  Martinez's Title VII claims are hereby **SEVERED** into a separate action styled *Daniel Martinez v. Texas Department of Public Safety*.  The Clerk of Court shall assign a separate cause number to the new action and directly assign the case to the undersigned.  The Court will then enter a final judgment in that cause number.

Plaintiffs McPherson and Sams's motion to set aside (Dkt. No. 149) is **GRANTED**.  The Court will enter judgment on the first jury verdict.

Defendant Texas Department of Public Safety's motion to sever Plaintiffs Sams and McPherson's claims (Dkt. No. 150) is **DENIED** as moot.

It is so **ORDERED**.

**SIGNED** this 7th day of July, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE